UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHELLE DUNN,

                Plaintiff,

                                                **Hon. Hugh B. Scott**

       v.

                                                **17CV1256**

                                                **CONSENT**

COMMISSIONER,

                                                **Order**

                Defendant.

Before the Court are the parties' respective motions for judgment on the pleadings (Docket Nos. 10 (plaintiff), 13 (defendant Commissioner)).

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled to disability insurance benefits and/or Supplemental Security Income benefits.

## PROCEDURAL BACKGROUND

References noted as "[R. __]" are to the certified record of the administrative proceedings, filed with this Court (Docket No. 7).

The plaintiff ("Michelle Dunn" or "plaintiff") filed an application for disability insurance benefits on January 2, 2014 [R. 17]. That application was denied initially. The plaintiff appeared before an Administrative Law Judge ("ALJ"), who considered the case de novo and concluded, in a written decision dated July 18, 2016, that the plaintiff was not disabled within the meaning of the Social Security Act, relying upon the opinion of impartial medical expert,

Dr. Arthur Lorber [R. 17]. The ALJ's decision became the final decision of the Commissioner on October 5, 2017, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on December 4, 2017 (Docket No. 1). The parties moved for judgment on the pleadings (Docket Nos. 10, 13), and plaintiff duly replied (Docket No. 17). This case was scheduled for oral argument and a status conference on January 10, 2019 (Docket No. 18), but due to the failure to enact appropriations, the proceedings were stayed (Docket No. 19). Upon further consideration, this Court then determined that the motions could be decided on the papers.

## FACTUAL BACKGROUND

Plaintiff, a 59-year-old (as of her hearing in 2016) with an Associate's Degree, last worked as a staff nurse. She contends that she was disabled as of her onset date of November 11, 2013. Plaintiff claims the following impairments deemed severe by the Administrative Law Judge (or "ALJ"): status post bilateral knee replacements for osteoarthritis of the knees and degenerative disc disease of the lumbar spine.

## MEDICAL AND VOCATIONAL EVIDENCE

The ALJ found that plaintiff met Listing 1.02 for status post bilateral knee replacements for osteoarthritis from November 2013 but only to May 31, 2016 [R. 21-23]. The ALJ relied upon impartial medical expert, Dr. Arthur Lorber, who noted during his June 2016 testimony that plaintiff had (or should have) recovered from plaintiff's last knee surgery in March 17, 2016, and therefore have a good range of motion [R. 26-27]. Dr. Lorber, however, did not examine plaintiff following this surgery [see R. 39 (Dr. Lorber testifying that he never treated or examined plaintiff)].

2

Upon Dr. Lorber's opinion and as of the June 1 hearing date, the ALJ found that plaintiff had a residual functional capacity to perform light work, specifically plaintiff could lift 20 pounds occasionally and 10 pounds frequently [R. 24-27]. The ALJ found that plaintiff had medical improvement as of June 1, 2016, and plaintiff therefore was not deemed impaired from that date [R. 25-28]. The ALJ noted that plaintiff did not submit evidence of any treatment since June 2016 and no state agency consultant opined after that date [R. 27, 28], essentially the one month from the June 7, 2016, hearing to the July 18, 2016, decision. At the end of the June 7th hearing, the ALJ asked if plaintiff had anything further, plaintiff did not, and the ALJ closed the hearing [R. 73].

With this capacity, a vocational expert opined that a claimant like plaintiff was deemed able to perform such occupations as nurse consultant, cardiac monitor technician, and Holter scanning technician, all sedentary exertion jobs [R. 30]. The ALJ concluded that plaintiff was not disabled as of June 1, 2016.

## DISCUSSION

I.  Standard

   A.  Disability Determination

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence. See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that the impairment prevents the claimant from returning to his or her previous type of employment. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

To determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing past relevant work; and

(5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). However, it should be noted that the ALJ has an affirmative duty to fully develop the record. Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a claimant from performing past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work that has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). When the plaintiff's impairment is a mental one, special "care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work." See Social Security Ruling 82-62 (1982); Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ must then determine the individual's ability to return to past relevant work given the claimant's residual functional capacity. Washington, supra, 37 F.3d at 1442.

B.      Medical Improvement and Impartial Medical Expert

Under the Social Security regulations, "medical improvement" means

> "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on improvement in the symptoms, signs, and/or laboratory findings associated with your impairment(s),"

20 C.F.R. § 404.1594(b)(1). The burden is upon **defendant Commissioner** to establish the eight steps to show medical improvement, 20 C.F.R. § 404.1594(f); <u>Deronde v. Commissioner</u>, No. 7:11CV998, 2013 WL 869489, at *3 (N.D.N.Y. Feb. 11, 2013) (Hines, Mag. J.) (Docket No. 10, Pl. Memo. at 17-18). This differs from establishing disability at Step Four wherein the burden of proof is on the claimant.

II. Application

In the instant case, the issue is whether the ALJ had substantial evidence to support the decision rendered denying disability coverage. At Step Four of the five-step analysis, plaintiff contends that the ALJ misapplied the eight-step analysis for substantial evidence of "medical improvement" under 42 U.S.C. § 423(f) and related regulations, 20 C.F.R. § 404.1594(f)(1)-(8) (Docket No. 10, Pl. Memo. at 17-21). She argues that the ALJ should not have relied upon the opinion of impartial medical expert, Dr. Lorber, who testified that plaintiff should have recovered from her March 2016 surgery by June 1, 2016, despite not examining plaintiff. She also argues that there was no medical evidence that would substantiate the medical improvement date of June 1, 2016 (<u>id.</u> at 21). Defendant Commissioner responds that the ALJ properly considered Dr. Lorber's opinion (Docket No. 13, Def. Memo. at 13-18).

Here, the ALJ relied exclusively on the opinion of impartial expert Dr. Lorber that plaintiff recovered and improved within two months of last surgery. The doctor provided no basis for this opinion and had not examined plaintiff to confirm whether there had been sufficient improvement. Plaintiff's motion for remand on this ground is **granted**.

Plaintiff next argues that the ALJ did not give controlling weight to the opinion of her treating physician, Dr. Patrick Hlubik (Docket No. 10, Pl. Memo. at 21-25). Despite the ALJ

6

concluding that there was no treating opinion as of June 2016 and after [R. 27, 28], Dr. Hlubik found, on March 30, 2016 (and after plaintiff's surgery) that she returned using a cane and the severity of plaintiff's scar tissue preoperatively would likely make it more difficult for plaintiff to regain motion postoperatively [R. 804, 805]. Doctor Hlubik earlier advised plaintiff that surgery was not a panacea and that it could take up to a year to achieve full results ([R. 372, report from Jan. 21, 2015]; Docket No. 10, Pl. Memo. at 17). Plaintiff also notes pain she reported during physical therapy sessions following surgery that spring (Docket No. 10, Pl. Memo. at 13-14; [R. 804, 821-27]). Impartial medical expert Dr. Lorber, however, testified that he denied that plaintiff was suffering pain [R. 45].

The ALJ erred in relying exclusively on the impartial medical expert and disregarding plaintiff's treating surgeon. The defendant does not meet the burden of establishing plaintiff's medical improvement as of June 1, 2016. Plaintiff's motion for judgment (Docket No. 10) is **granted** and this case is **remanded** to determine the extent of plaintiff's medical improvement (if any). The ALJ also needs to consider the treating surgeon's opinion or at minimum review the factors for the appropriate weight to be given to that opinion, see, e.g., Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000) (quoting Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998)); 20 C.F.R. § 404.1527(d)(2) (Docket No. 10, Pl. Memo. at 23).

## CONCLUSION

For the foregoing reasons, plaintiff's motion (Docket No. 10) judgment on the pleadings is **granted**, and defendant's motion (Docket No. 13) for judgment on the pleadings is **denied**. Thus, the decision of the defendant Commissioner is **vacated and remanded** for further proceedings consistent with the above decision to find additional facts, pursuant to sentence four

7

of 42 U.S.C. § 405(g), see Curry v. Apfel, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of the Court shall close this case.

    So Ordered.

*s/Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
January 28, 2019